IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOHN MONTI,**

    **Plaintiff,**

v.                                                       Case No.: 3:25-cv-00072

**OLUWADAMILARE AJAYI,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to File Under Seal Defendant's Memorandum of Law in Support of His Motion to Dismiss Plaintiff's Complaint and Other Supporting Documents. (ECF No. 9). The motion is **DENIED** for the following reasons.

**I.   Relevant Facts**

Plaintiff filed this action on February 5, 2025. (ECF No. 2). According to the Amended Complaint, after a "probable cause hearing," Plaintiff was involuntarily committed to Mildred Mitchell-Bateman Hospital from November 22, 2024, to December 27, 2024. (ECF No. 6 at 1). Plaintiff asserts that the "probable cause order" did not authorize forced medications, yet Defendant, a physician at Mildred Mitchell-Bateman Hospital, and his hospital staff administered multiple forced injections of antipsychotic medications to Plaintiff. (*Id.*). Plaintiff asserts four counts in his Amended Complaint:

    1.  Violation of the Fourteenth Amendment Due Process (42 U.S.C. § 1983)

    2. Violation of Eighth and Fourteenth Amendments (Forced Medication)

    3. False Imprisonment under State Law

    4. Medical Battery and Negligence

(*Id.* at 2-3). He asks the Court to enter judgment in his favor, award compensatory and punitive damages in an amount to be determined at trial, declare that Defendant's actions violated Plaintiff's constitutional rights, issue a permanent injunction preventing Defendant from engaging in similar practices, and grant any other relief the Court deems just and proper. (*Id.* at 3).

    After being served, Defendant filed the instant motion. (ECF No. 9). He requests leave to to file his Memorandum of Law in support of Motion to Dismiss and documents attached to his Motion to Dismiss under seal because the documents purportedly contain confidential information within the meaning of West Virginia Code § 27-3-1(a) and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (ECF No. 10 at 3). Defendant cites to West Virginia Code § 27-3-1(a), (b), stating that "[c]ommunications and information obtained in the course of treatment or evaluation of any client or patient are confidential information [… which] shall not be disclosed, except" in certain specified circumstances, including "(3) [p]ursuant to an order of any court based upon a finding that the information is sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining the confidentiality established by this section[.]" (ECF No. 10 at 2-3). Defendant requests that this Court weigh the competing interests set forth in Local Rule of Civil Procedure 26.4(c)(1) and West Virginia Code § 27-3-1(b) to determine whether the general preference of Local Rule of Civil Procedure 26.4(c)(1) for public inspection is outweighed by the confidentiality considerations set forth in West Virginia Code § 27-3-1. (*Id.* at 3).

Defendant asks the Court to enter an Order either (1) granting Defendant's motion to file under seal or (2) denying Defendant's motion to file under seal and finding that the requirements of West Virginia Code § 27-3-1(b)(3) are satisfied in this instance. (*Id.*).

## II. <u>Relevant Law</u>

The undersigned is cognizant of the well-established precedent in the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000). The right of access to court records "derives from two independent sources: the common law and the First Amendment." *Ayash v. Barnette*, No. 2:24-CV-00720, 2025 WL 83364, at *1 (S.D.W. Va. Jan. 13, 2025) (quoting *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)).

The common law presumption of public access applies to "all judicial records and documents," but it can be overcome if, in the court's discretion, the public's interest is outweighed by "competing interests." *United States v. King Pharms., Inc.*, 806 F. Supp. 2d 833, 838–39 (D. Md. 2011). The First Amendment guarantee of access only applies to certain records and documents, and it can only be overcome upon a showing that denial of public access is "necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id.* (citations omitted).

Before a district court may seal any court documents, it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft*, 218 F.3d at 302.

### III. <u>Discussion</u>

Upon consideration of the relevant factors, the Court concludes that the proposed materials, (ECF No. 9-1 at 3-15), should not be sealed in this circumstance. Plaintiff filed a complaint and amended complaint in the public docket, alleging that he was involuntarily committed and administered forced injections of antipsychotic medications. (ECF Nos. 2, 6). The materials in question provide little information, or, at most, benign information, beyond what Plaintiff has already publicly revealed in his complaint and amended complaint. *See, e.g., United States v. Woodard*, No. 7:96-CR-109, 2025 WL 849823, at *2 (W.D. Va. Mar. 18, 2025) ("The court emphasized that the records contained little information beyond what was in pleadings and briefs on the public record. Notably, the court did seal some of the plaintiff's medical record, though not what was relevant to the dispute.").

For instance, although Defendant's affidavit contains additional details regarding Plaintiff's commitment and treatment, it is narrowly drafted to pertain only to the matters directly raised by Plaintiff in this action. (ECF No. 9-1 at 3-5). Defendant does not reveal any other medical treatment, individuals, or other sensitive information. Moreover, the other proposed documents include Defendant's Curriculum Vitae, a Mildred Mitchell-Bateman Hospital policy, and docket sheet for Plaintiff's habeas action. None of those documents contain any private medical information, which is the basis for the motion to file under seal.

Overall, the Court finds that Defendant has complied with his duty in regard to the confidentiality of the information relating to Plaintiff's psychiatric treatment, and there is no cause to file the documents under seal. For that reason, the Court **DENIES** the motion and **ORDERS** the Clerk of Court to (1) file the unsealed documents in the record;

(2) transmit this Order to counsel of record; and (3) provide a copy of this Order, the Motion to Dismiss, Memorandum in Support, and attachments to Plaintiff.

Plaintiff is hereby notified that he has a right to respond in opposition to the Motion to Dismiss. Ordinarily, a failure to respond within the allowed time can support a conclusion that Defendant's contentions are undisputed and may result in a dismissal of the complaint. Accordingly, it is hereby **ORDERED** that Plaintiff shall have through and including **June 5, 2025**, in which to file a response to the Motion to Dismiss. Any response shall be accompanied by a brief or memorandum containing a concise statement of reasons and a citation of authorities supporting a denial of the Motion to Dismiss. When preparing the response, Plaintiff should be aware that a false statement made under oath or penalty of perjury may be a crime punishable as provided by law.

The original of the response shall be filed with the Clerk of the Court and a copy served on counsel representing the Defendant. The response must be accompanied by a certificate stating that a copy has been sent to counsel for Defendant. Following service of Plaintiff's response, if such is filed, Defendant shall have **seven (7) days** within which to reply and the parties are advised that, after the time provided for responses, the Court will consider the motion ready for decision.

**ENTERED:** May 15, 2025



Joseph K. Reeder
United States Magistrate Judge