IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN MONTI,

      Plaintiff,

v.                                **Case No.: 3:25-cv-00072**

OLUWADAMILARE AJAYI,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, John Monti, filed an amended *pro se* complaint under 42 U.S.C. § 1983 and state law. (ECF No. 6). This case is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Currently pending are Defendant's Motion to Dismiss and Motion to Designate the Motion to Dismiss as Unopposed and Dismiss the Complaint for Failure to Prosecute, (ECF Nos. 12, 14), and Plaintiff's Motion for Admissions, (ECF No. 16).

For the following reasons, the undersigned **DENIES** Plaintiff's Motion for Admissions, (ECF No. 16). Further, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Defendant's motion to dismiss, in part, and dismiss Counts I and III of the amended complaint and **DENY** the motion to dismiss, in part, regarding Counts II and IV of the amended complaint, (ECF No. 12), and **DENY** Defendant's motion to designate the motion to dismiss as unopposed and

1

dismiss the amended complaint for failure to prosecute, (ECF No. 14).

## I.    **Relevant Facts and Procedural History**

On March 6, 2025, Plaintiff filed a *pro se* amended complaint, alleging that he was involuntarily hospitalized at Mildred Bateman Hospital in Huntington, West Virginia, from November 22, 2024, to December 27, 2024, following a "probable cause hearing." (ECF No. 6 at 1). According to Plaintiff, Defendant, who is a physician at the hospital, along with his staff, administered injections of antipsychotic medications to Plaintiff without justification. (*Id*.). Plaintiff further claims that he submitted an advance directive upon admission, but Defendant and his staff asserted that the hospital had no notary, thereby obstructing Plaintiff's ability to "validate" the directive. (*Id*.). Plaintiff contends that he was "held" at the hospital for 36 days without proper justification, far exceeding the statutory limits for involuntary hospitalization. (*Id*. at 2). He expresses various complaints, but the only claims asserted against Defendant include:

1. Count I - Defendant violated Plaintiff's Fourteenth Amendment due process rights by detaining him without proper judicial determination of necessity.

2. Count II - Defendant forcibly administered medication without Plaintiff's consent and without an emergency justification or court order in violation of the Eighth and Fourteenth Amendments.

3. Count III - Defendant unlawfully confined Plaintiff against his will without legal justification, constituting false imprisonment under West Virginia law.

4. Count IV - Defendant engaged in medical battery by forcibly administering medication without Plaintiff's informed consent.

(*Id*. at 2-3).

Defendant moved to dismiss Plaintiff's amended complaint, (ECF No. 12). Further, because Plaintiff did not file a response in opposition, Defendant moved to

2

designate his motion to dismiss as unopposed and dismiss the complaint due to Plaintiff's failure to prosecute, (ECF No. 14). Plaintiff, in turn, filed a motion for admissions. (ECF No. 16).

## II.    <u>Standard of Review</u>

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that, to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). In resolving the motion, the court must assume that the facts alleged in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). However, "[the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. When analyzing a Rule 12(b)(6) motion, the court may consider any exhibits attached to the complaint and documents explicitly incorporated by reference. Fed. R. Civ. P. 10(c) ("A copy of a written

instrument that is an exhibit to a pleading is a part of the pleading for all purposes.");
*see also Conner v. Cleveland Cnty., N. Carolina,* 22 F.4th 412, 428 (4th Cir. 2022)
(citing *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016)).

Courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,*
551 U.S. 89, 94 (2007). However, even under this less stringent standard, the
complaint still must contain sufficient factual allegations to support a valid legal cause
of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).
The court may not rewrite the pleading to include claims that were never presented,
*Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal
arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure
up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775
F.2d 1274, 1278 (4th Cir. 1985).

## III.   Discussion

### A.  Defendant's Motion to Dismiss

#### 1.  Counts I and III

In Count I of the complaint, Plaintiff alleges that Defendant, acting under color
of state law, violated his right to due process under the Fourteenth Amendment by
detaining him without proper judicial determination of necessity. (ECF No. 6 at 2).
Plaintiff further states that he was denied a meaningful opportunity to contest his
involuntary commitment and forced medication, violating his procedural and
substantive due process rights under the Fourteenth Amendment. (*Id.*). In Count III,
Plaintiff asserts a related state law claim that Defendant unlawfully confined him
against his will without legal justification, constituting false imprisonment under West
Virginia law. (*Id.*).

As Defendant argues, Plaintiff does not assert any facts indicating that Defendant had any personal involvement with the civil commitment process or his detainment. Therefore, he fails to state any possible claim under the Fourteenth Amendment or state law relating to the fact or duration of his civil commitment. *Cf. Riddick v. Barber*, 109 F.4th 639, 650 (4th Cir. 2024) (finding that the plaintiff stated a claim against the state behavioral health agency interim commissioner under § 1983 when he stated that the interim commissioner personally authorized exemptions from state regulations that put him in restraints for two weeks and in seclusion for over one year).

By contrast, here, the only statements in the complaint that mention Defendant are that (1) Defendant is a physician at Mildred Bateman Hospital, who, at all relevant times, acted under the color of state law in his professional capacity; (2) Defendant and his staff administered multiple forced injections of antipsychotic medications; and (3) Defendant and hospital staff claimed that the hospital had no notary, thereby obstructing Plaintiff's ability to validate his advance directive. (ECF No. 6 at 1). Of those asserted facts, the only statement that plausibly relates to Plaintiff's claims that Defendant unlawfully detained him and denied him a meaningful opportunity to contest his involuntary commitment and forced medication is that Defendant was one of the individuals that told Plaintiff that the hospital did not have a notary. However, this allegation does not state a viable claim that Defendant violated Plaintiff's rights. Defendant was not obligated to provide Plaintiff a notary, and, as to Counts I and III, there are no asserted facts indicating that Defendant made false statements or obstructed Plaintiff in any way from accessing the courts, making healthcare decisions, or otherwise infringed on his rights.

Therefore, the undersigned **FINDS** that Plaintiff fails to state a claim upon which relief can be granted in Counts I and III of the amended complaint and respectfully **RECOMMENDS** that Defendant's motion be granted as to Counts I and III and those counts be dismissed.

### 2. Count II

In Count II of the complaint, Plaintiff asserts that Defendant forcibly administered antipsychotic medication without his consent and without an emergency justification or court order in violation of the Eighth and Fourteenth Amendments. (ECF No. 6 at 1, 2). Plaintiff claims that the forced administration of medication violated his bodily integrity and right to refuse medical treatment. (*Id.*).

As an initial matter, Defendant is correct that the Eighth Amendment, which prohibits cruel and unusual punishment of convicted prisoners, does not apply to Plaintiff's claims because Plaintiff was civilly committed at the time the events in question occurred. (ECF No. 13 at 9). Rather, Plaintiff's claims are properly construed under the due process clause of the Fourteenth Amendment. *Christian v. Magill*, 724 F. App'x 185, 187 (4th Cir. 2018) ("While incarcerated prisoners are entitled to a certain level of care under the Eighth Amendment, individuals who have been civilly committed are entitled to certain care under the Due Process Clause of the Fourteenth Amendment."); *Coreas v. Bounds*, 451 F. Supp. 3d 407, 420–21 (D. Md. 2020) ("Thus, individuals who have been civilly detained or committed 'are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.' *Youngberg*, 457 U.S. at 321-22, 102 S.Ct. 2452 (addressing persons subjected to involuntary civil commitment for mental health reasons).").

6

"Treatment of a mentally ill person with antipsychotic drugs against his or her will implicates both substantive and procedural due process." *Beall*, 369 F. Supp. 3d 642, 647 (D. Md. 2019) (markings and citations omitted). An involuntarily committed patient in a state psychiatric facility has a significant constitutionally protected liberty interest in avoiding the unwarranted administration of antipsychotic drugs. *Id*. "Determining whether a substantive right protected by the Due Process Clause has been violated, requires balancing 'the liberty of the individual' and "the demands of an organized society.'" *Id*. at 648 (quoting *Youngberg v. Romeo*, 457 U.S. 307, 319 (1982)). The court applies the "professional judgment" standard in which decisions made by professionals are presumptively valid and liability may be imposed only when the decision by the professional is such a substantial departure from professional judgment, practice, or standard as to demonstrate that the person responsible actually did not base the decision on such a judgment. *Id*. (citing *Youngberg*, 457 U.S. at 323).

Defendant generally asserts three reasons that Plaintiff's claims in Count II should be dismissed. First, Defendant argues that Plaintiff's allegations are conclusory because Plaintiff does not describe the details surrounding the alleged forced injections or Defendant's role in them. (ECF No. 13 at 6). Plaintiff specifies in the amended complaint that Defendant and his staff administered multiple forced injections of antipsychotic medications during his civil commitment in Mildred Mitchell-Bateman Hospital (which he refers to as Mildred Bateman Hospital). (ECF No. 6 at 1). Further, Plaintiff clearly identifies that the civil commitment in Mildred Mitchell-Bateman Hospital lasted from November 22 to December 27, 2024. (*Id*.). While Plaintiff did not list every detail concerning the injections, he provided sufficient facts to meet federal

pleading standards. Defendant does not identify any authority demanding more specificity regarding this claim.

Defendant's second argument that Count II should be dismissed is that Plaintiff's claim that he was never deemed a danger to himself or others was contradicted by the fact that, in order to be involuntarily committed under West Virginia law, it was shown by clear and convincing evidence that Plaintiff was likely to cause serious harm to himself or others. (*Id*. at 6-7). Defendant references his own affidavit on this point. (ECF No. 13 at 6-7). However, the court cannot consider Defendant's affidavit because the court's role in resolving the motion to dismiss is limited to examining the amended complaint and any attached exhibits or documents explicitly incorporated by reference.

Defendant further contends that Count II of the complaint should be dismissed because he is not a state actor, but merely a private physician that holds privileges to practice medicine at Mildred Mitchell-Bateman Hospital. (ECF No. 13 at 7-9). He relies on a previous decision of this court in *Harper* to support his argument that he is not a state actor. (*Id*.). However, a significant distinction between the *Harper* case and the instant matter is that Mildred Mitchell-Bateman Hospital is indeed a state hospital. Although both cases involved some similar facts and issues, the defendant in *Harper* was "not a state official, but a physician employed by St. Mary's Medical Center, a private hospital located in Cabell County." *Harper v. Biser*, No. 3:24-CV-00276, 2024 WL 3688195, at *5 (S.D.W. Va. July 16, 2024), *report and recommendation adopted,* No. CV 3:24-0276, 2024 WL 3682301 (S.D.W. Va. Aug. 6, 2024). The court cannot conclude based on the complaint alone, like it did in *Harper*, that Defendant was not acting under the color of state law.

8

There is nothing in the complaint or fairly incorporated in it that shows that Defendant is not a state actor. All that is listed in the amended complaint is that Defendant "is a physician at Mildred [Mitchell-]Bateman Hospital and, at all relevant times, acted under the color of state law in his professional capacity." (ECF No. 6 at 1). The details regarding Defendant being a private physician come from Defendant's motion to dismiss and attached affidavit. As explained above, the court cannot rely on these documents as evidence that Plaintiff is not a state actor. While Defendant could have an argument on summary judgment to defeat Plaintiff's claim, the Court cannot conclude at this stage that Defendant is not a state actor. *See, e.g., Dolihite v. Maughon By & Through Videon,* 74 F.3d 1027, 1044–45 (11th Cir. 1996) (finding that psychiatrists who were under contract with the state were state actors subject to liability under § 1983; *Farabee v. Yaratha*, 801 F. App'x 97, 108 (4th Cir. 2020) ("A plaintiff may recover if a defendant acting under color of state law caused him to take psychotropic drugs against his will and the defendant didn't exercise professional judgment in administering the drugs.").

Finally, Defendant asserts that Plaintiff's claims in Count II should be dismissed because, even if accepting the factual allegations in the complaint as true, Plaintiff does not show that his Fourteenth Amendment rights were violated by Defendant. Defendant cites legal authority that, with regard to involuntarily committed persons, due process is satisfied if the decision to medicate is based on "professional judgment." (ECF No. 13 at 10). He further cites that courts should not attempt to determine the correct or most appropriate medical decision, but only whether the decision was reached by a process so completely out of professional bounds as to make it explicable only as an arbitrary, nonprofessional one. (*Id.* at 11).

Again, Defendant relies on his sworn affidavit to support his argument for dismissal. Absent the affidavit, which the court cannot consider at this stage, it is unknown whether Defendant administered medication to Plaintiff based on professional judgment, or whether it was a completely arbitrary decision. Defendant's argument is likewise better suited for summary judgment.

Overall, the undersigned **FINDS** that Plaintiff pleads sufficient facts, which construed in the light most favorable to Plaintiff, states a plausible claim that Defendant violated his rights by administering forced medications. Therefore, the undersigned respectfully recommends that Defendant's motion to dismiss be denied concerning Count II.

### 3. Count IV

In Count IV of the amended complaint, Plaintiff asserts that Defendant engaged in medical battery by forcibly administering medication without informed consent, and he negligently failed to adhere to Plaintiff's Advance Directive and state laws governing involuntary commitment. (ECF No. 6 at 2). Defendant's only argument that Count IV, and all state law claims, should be dismissed is that the Court should decline to exercise supplemental jurisdiction because all claims arising under federal question jurisdiction fail as a matter of law. (ECF No. 13 at 13). As stated above, the undersigned concludes that some of Plaintiff's federal claims survive dismissal at this stage. Therefore, given the fact that Defendant does not assert any other basis for dismissal, the undersigned **RECOMMENDS** that the motion to dismiss be denied as to Count IV.

### B. Other Pending Motions

Defendant further moves to designate his motion to dismiss as unopposed and dismiss the complaint for failure to prosecute pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure. (ECF No. 14). As noted by Defendant, Plaintiff was granted through June 5, 2025, to respond to the motion to dismiss, but he did not file a response. (ECF Nos. 11 at 5, 14 at 2, 18 at 2). On June 20, 2025, Plaintiff requested an updated docket sheet and filed a Motion for Admissions. (ECF Nos. 15, 16). Defendant opposes the Motion for Admissions on the basis that the parties have not conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and Plaintiff did not serve him with the requested discovery (although Defendant did receive notification when the document was filed in the federal docket). (ECF No. 18 at 2-3). Defendant is correct that Plaintiff's request for discovery is premature. In addition, Plaintiff's discovery requests should not be filed as a motion, but properly served on Defendant and Plaintiff should file a certificate of service with the Court. On a final note, it is unclear how the requested discovery even pertains to this action. Plaintiff is reminded that discovery will be limited to the claims against Defendant in this action. For the above reasons, the undersigned **DENIES** Plaintiff's Motion for Admissions, (ECF No. 16).

As to Defendant's request for dismissal for failure to prosecute, although Plaintiff has thus far demonstrated a poor grasp of the rules governing this action, Plaintiff has evidenced an interest in pursuing this case. Given his *pro se* status, and because he has not yet failed to comply with any order of the court, the undersigned **FINDS** that dismissal for failure to prosecute is not warranted at this time. The undersigned respectfully **RECOMMENDS** that the Court **DENY** Defendant's motion to designate his motion to dismiss as unopposed and dismiss the complaint for failure to prosecute, (ECF No. 14), and order the parties to complete the Fed. R. Civ. P. 26(f) conference at a time designated by the presiding District Judge.

## IV.    <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned **DENIES** Plaintiff's Motion for Admissions, (ECF No. 16). The undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Defendant's motion to dismiss, in part, and dismiss Counts I and III of the amended complaint; **DENY** the motion to dismiss, in part, regarding Counts II and IV of the amended complaint, (ECF No. 12); and **DENY** Defendant's motion to designate the motion to dismiss as unopposed and dismiss the amended complaint for failure to prosecute, (ECF No. 14).

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Reeder.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to counsel of record and any unrepresented party.

**FILED**:  November 6, 2025

Joseph K. Reeder
United States Magistrate Judge