## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

JOHN MONTI,

                Plaintiff,

v.                                   CIVIL ACTION NO. 3:25-00072

OLUWADAMILARE AJAYI,

                Defendant.

### MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Joseph Reeder, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that the Court: (1) grant in part and deny in part Defendant's Motion to Dismiss (ECF 12) and dismiss Counts I and III of the Amended Complaint and (2) deny Defendant's Motion to Designate His Motion to Dismiss Plaintiff's Complaint as Unopposed and to Dismiss the Amended Complaint for Failure to Prosecute (ECF 14). *See* ECF 19 at 12. Defendant has filed objections to the Magistrate Judge's findings and recommendations. *See* ECF 20.

The Court has reviewed the pleadings and movant's objections de novo and **ADOPTS** the Magistrate Judge's Findings and Recommendations.

### I.      BACKGROUND

Plaintiff filed a pro se Amended Complaint alleging that he was involuntarily hospitalized at Mildred Mitchell-Bateman Hospital. *See* ECF 6, Amend. Compl. at 1. Plaintiff alleges that Defendant, a physician at the hospital, injected Plaintiff with antipsychotic medications without

Plaintiff's consent. *See id.* The Complaint asserts that Plaintiff "was never deemed dangerous to himself or others, nor was there any evidence of grave bodily injury to justify" the forced injection. *Id.* According to Plaintiff, "[t]he justification given for forced medication was that" Plaintiff "did not understand the medical procedure . . . ." *Id.*

Plaintiff claims that Defendant (1) violated his "right to due process by detaining him without a proper judicial determination of necessity," (Count I), (2) "forcibly administered medication without [Plaintiff's] consent and without an emergency justification or court order," (Count II), (3) "confined [Plaintiff] against his will without legal justification," (Count III), and (4) "engaged in medical battery by forcibly administering medication without informed consent," (Count IV). *Id.* at 2.

Defendant moved to dismiss the Amended Complaint. *See* ECF 12. Also, since Plaintiff did not file a response to the motion, Defendant moved to designate the motion to dismiss as unopposed and dismiss the complaint due to Plaintiff's failure to prosecute. *See* ECF 14. Plaintiff then filed a motion for admissions. *See* ECF 16.

II.    LEGAL STANDARD

A.  **Failure to State a Claim**

To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

A pro se complaint must be "'liberally construed,' and . . . 'held to less stringent standards than [one] drafted by lawyers . . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B. Failure to Prosecute

Federal Rule of Civil Procedure 41(b) authorizes dismissal for a plaintiff's failure to prosecute. "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). In deciding whether to dismiss an action under Rule 41(b), a court must consider:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a "drawn out history of deliberately proceeding in dilatory fashion;" and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* (quoting *McCargo v. Hendrick*, 545 F.2d 393, 396 (4th Cir. 1976)).

### III.    ANALYSIS

### A.  Defendant's 12(b)(6) Motion to Dismiss

Defendant objects to Judge Reeder's recommendation that the Court deny Defendant's Motion to Dismiss with respect to Counts II and IV of Plaintiff's Amended Complaint. Defendant argues that Count II fails to state a claim because (1) the Amended Complaint does not discuss whether Defendant used his professional judgment in injecting Plaintiff with medication and (2) the Amended Complaint does not adequately allege that Plaintiff was a state actor. *See* ECF 5 at 5.

As Judge Reeder explains, Plaintiff's claims in Count II "are properly construed under the due process clause of the Fourteenth Amendment." ECF 19 at 6 (collecting cases). The Fourteenth Amendment grants involuntarily committed patients a "'liberty interest' in 'avoiding the

-3-

unwarranted administration of antipsychotic drugs.'" *Beall v. Ujoatuonu*, 369 F. Supp. 3d 642, 647 (D. Md. 2019) (quoting *Sell v. United States*, 539 U.S. 166, 178 (2003)). However, "[d]ecisions made by professionals are presumptively valid and 'liability may be imposed only when the decision by the professional is such a substantial departure from professional judgment, practice, or standard as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Id.* at 648 (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)). "[A]n acceptable professional judgment . . . should involve consideration of such factors as the patient's general history and present condition, the specific need for the medication, its possible side-effects, any previous reaction to the same or comparable medication, the prognosis, the duration of any previous medication, etc." *United States v. Charters*, 863 F.2d 302, 312 (4th Cir. 1988).

The allegations in the Amended Complaint allow the Court to infer that injecting Plaintiff with medication constituted a substantial departure from professional judgment, practice, or standard. An acceptable professional judgment cannot be based solely on a patient's inability to understand a medical procedure. Since Plaintiff alleges that this was the proffered justification for the forced medication, the Amended Complaint plausibly alleges that Defendant substantially departed from professional judgment.

Defendant also argues that Count II should be dismissed because Defendant was not a state actor. Defendant's argument is premised on his assertion that he is a "private physician . . . ." ECF 20 at 5. The Amended Complaint, however, does not allege that Defendant is a private physician. It merely states that Defendant "is a physician at Mildred Bateman Hospital," which is operated by the West Virginia Department of Health and Human Resources.[1] Amend. Compl. at 1; *Mildred*

---

[1] While the Amended Complaint does not allege that Mildred Mitchell-Bateman is a public hospital, a court may "take judicial notice of matters of public record" when reviewing a 12(b)(6) motion. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

-4-

*Mitchell-Bateman Hospital*, WV.gov, https://perma.cc/4UFF-467P. The hospital's public status allows the Court to infer that Defendant was a state actor when he was treating Plaintiff. Accordingly, the Court agrees with Judge Reeder that Defendant's Motion to Dismiss should be denied with respect to Count II.

Defendant's argument that Count IV should be dismissed is premised on the Court dismissing Count II. *See* ECF 20 at 6–7. Accordingly, Defendant's Motion to Dismiss should also be denied with respect to Count IV.

### B. **Defendant's 41(b) Motion to Dismiss**

Defendant also objects to Judge Reeder's recommendation that the Court deny Defendant's Motion to Designate His Motion to Dismiss Plaintiff's Complaint as Unopposed and to Dismiss the Amended Complaint for Failure to Prosecute. *See* ECF 20 at 7–8.

First, the Court will note, as Judge Reeder did, that Plaintiff never responded to Defendant's Motion to Dismiss. *See* ECF 19 at 2.

Second, despite Plaintiff's failure to respond, the Court will not dismiss Plaintiff's Amended Complaint for failure to prosecute. While Plaintiff may be personally responsible for the failure to respond, there is no indication that this failure prejudiced Defendant or that there is a "drawn out history of [Defendant] deliberately proceeding in a dilatory fashion . . . ." *McCargo*, 545 F.2d at 396. Dismissal is a harsh sanction, and Plaintiff's Motion for Admissions, *see* ECF 16, demonstrates that he is still actively participating in the lawsuit. Accordingly, the Court will deny Defendant's Rule 41(b) Motion.

### IV.    CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss (ECF 12) and **DISMISSES** Counts I and III of the Amended Complaint. The Court **DENIES**

Defendant's Motion to Designate His Motion to Dismiss Plaintiff's Complaint as Unopposed and to Dismiss the Amended Complaint for Failure to Prosecute (ECF 14). The Court **ACCEPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendation (ECF 19).

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Joseph Reeder, United States Magistrate Judge, counsel of record, and any unrepresented parties.

ENTER:        November 20, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE