**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JOHN MONTI,**

**Plaintiff,**

**v.** **Case No.: 3:25-cv-00072**

**OLUWADAMILARE AJAYI,**

**Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Defendant's Motion for Sanctions for Failure to Comply with a Court Order. (ECF No. 28). Plaintiff has not filed a response in opposition to the motion and, as detailed below, has repeatedly failed to comply fully with the Court's Orders and to participate in the orderly progression of this action. Accordingly, the undersigned respectfully **RECOMMENDS** that Defendant's Motion for Sanctions, (ECF No. 28), be **GRANTED IN PART** to the extent that Defendant seeks dismissal and **DENIED** to the extent that Defendant seeks additional sanctions; that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b); and that this action be removed from the docket of the Court.

## I. Relevant Procedural History

Plaintiff filed this action *pro se* on February 5, 2025, and subsequently filed an Amended Complaint alleging, among other things, that Defendant forcibly administered antipsychotic medication to Plaintiff during his involuntary hospitalization at Mildred Mitchell-Bateman Hospital. (ECF Nos. 2, 6). Defendant moved to dismiss the Amended

Complaint. (ECF No. 12). Plaintiff did not respond to the motion, and Defendant subsequently moved to designate the motion to dismiss as unopposed and to dismiss the action for failure to prosecute. (ECF No. 14).

On November 6, 2025, Magistrate Judge Joseph K. Reeder issued Proposed Findings and Recommendations recommending, in relevant part, that Defendant's motion to dismiss be granted as to Counts I and III of the Amended Complaint and denied as to Counts II and IV. (ECF No. 19). Magistrate Judge Reeder further recommended that Defendant's request for dismissal for failure to prosecute be denied. (*Id.*). On November 20, 2025, the District Judge adopted those recommendations. (ECF No. 21).

Based upon the record at that time, in declining to dismiss the action under Rule 41(b), the District Judge acknowledged Plaintiff's failure to respond to Defendant's motion to dismiss, but he concluded that there was no indication that the failure had prejudiced Defendant or that Plaintiff had established a "drawn out history" of deliberately proceeding in a dilatory fashion. (*Id.* at 5). The District Judge further observed that Plaintiff's Motion for Admissions, although prematurely filed, demonstrated that he was "still actively participating in the lawsuit." (ECF Nos. 19 at 11, 21 at 5).

Plaintiff's participation in this action thereafter declined. On March 19, 2026, defense counsel emailed Plaintiff proposed materials necessary to proceed with case management, including a proposed Report of Parties' Planning Meeting, proposed case management orders, and proposed authorizations. (ECF No. 24-1 at 1–3). Defense counsel followed up on April 27, 2026. (*Id.*). According to Defendant, Plaintiff did not respond. Defendant therefore filed a Motion for Status Conference on April 28, 2026,

explaining that counsel had been unable to initiate the Federal Rule of Civil Procedure 26(f) process or otherwise move the action forward. (ECF Nos. 24, 25).

On June 1, 2026, the Court granted Defendant's Motion for Status Conference and contemporaneously entered an Order and Notice establishing case management deadlines pursuant to Local Rule of Civil Procedure 16.1. (ECF Nos. 26, 27). The Order and Notice required the parties to complete their Rule 26(f) conference by July 27, 2026, file their Report of Parties' Planning Meeting by August 3, 2026, and appear for a scheduling/status conference on August 17, 2026. (ECF No. 27 at 1). The Court specifically notified Plaintiff that, although he was proceeding without counsel, he remained responsible for reviewing and following the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's *Pro Se* Handbook. (*Id.* at 2). Most importantly, Plaintiff was expressly notified that his failure to comply with the directives in the Order and Notice "may result in the dismissal of this matter" pursuant to Rule 41(b). (*Id.*).

Defense counsel thereafter made repeated efforts to obtain Plaintiff's participation in the Rule 26(f) process. Specifically, Defendant represents, and the correspondence attached to the sanctions motion reflects, that counsel contacted Plaintiff nine times on June 1, June 9, June 24, July 2, July 8, July 13, July 20, July 24, and July 27, 2026. (ECF No. 29 at 3; ECF No. 28-1). Again, Defendant states that those efforts elicited no response from Plaintiff. (ECF No. 29 at 3).

On July 29, 2026, Chief United States District Judge Frank W. Volk entered an Order designating the undersigned United States Magistrate Judge to temporarily assist with civil matters in this District pursuant to 28 U.S.C. § 636(f) because of the extended unavailability of an active Magistrate Judge. (ECF No. 30). The designation began on July 31, 2026, and authorizes the undersigned to perform duties under 28 U.S.C. § 636(a), (b),

and (c), including the review of proposed findings and recommendations and other civil matters. (*Id.*).

On July 30, 2026, Defendant filed the pending Motion for Sanctions for Failure to Comply with a Court Order. (ECF No. 28). Defendant asserted that Plaintiff failed to participate in the Rule 26(f) process despite counsel's repeated attempts to communicate with him and failed to comply with the Court's June 1, 2026 Order and Notice. (ECF Nos. 28, 29). Defendant sought sanctions pursuant to Rules 37(b)(2), 37(f), and 41(b), including dismissal of this action. (ECF No. 29 at 4–5). Plaintiff did not respond to the motion. *See* docket generally.

On August 5, 2026, the undersigned entered an Order directing that the August 17 scheduling/status conference would proceed by Microsoft Teams and ordered Plaintiff to provide the Clerk of Court with a current email address no later than noon on August 12, 2026, so that he could participate in the conference. (ECF No. 31). Plaintiff did not comply by that deadline.

The undersigned therefore entered a Show Cause Order on August 12, 2026. (ECF No. 32). The undersigned noted Plaintiff's repeated failures to respond or otherwise participate in the progression of this action and ordered him, on or before August 26, 2026, to provide the Clerk of Court with a current telephone number and email address and to show cause in writing why he had failed to comply with the Court's August 5 Order and why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Order. (*Id.* at 1–2). Plaintiff was expressly notified that failure to comply could result in a recommendation to the presiding District Judge that the action be dismissed pursuant to Rule 41(b). (*Id.* at 2). In light of Plaintiff's failure to provide the

contact information necessary for his participation at that time, the Court continued the August 17 scheduling/status conference. (*Id.* at 3).

On August 19, 2026, Plaintiff sent an email to Chief Judge Volk, which was forwarded to the Clerk of Court and subsequently to chambers. (ECF No. 33 at 1). Plaintiff provided a current mailing address and email address. (*Id.*). He did not, however, provide a current telephone number or submit the written show cause response required by the August 12 Order. (*Id.*).

After the August 26 deadline expired without full compliance, the Court entered a Second Show Cause Order on August 27, 2026. (ECF No. 33). Although Plaintiff had again failed to comply fully, the Court afforded him "one final opportunity" to comply in light of his recent communication with the Court and his *pro se* status. (*Id.* at 2). Plaintiff was ordered, on or before September 3, 2026, to provide the Clerk of Court with a current telephone number and file a written response showing cause why he failed to comply with the Court's prior Order and why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Orders. (*Id.*). Plaintiff was expressly notified that this was his "final opportunity to comply" and was again warned that failure to do so could result in a recommendation that the action be dismissed pursuant to Rule 41(b). (*Id.*).

On September 3, 2026, Plaintiff provided the Court with a current telephone number. (ECF No. 34 at 1). He did not file the required written response. (*Id.*). Nevertheless, because the Court finally possessed the contact information necessary for Plaintiff to participate remotely, the Court entered an Order on September 4, 2026, scheduling a show cause/status conference for September 23, 2026, at 11:30 a.m. by Microsoft Teams. (ECF No. 34). The Court directed Plaintiff to be prepared to show cause

why he had failed to comply fully with the Court's prior Orders and why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Orders. (*Id.* at 1). The Court further notified the parties that Defendant's pending Motion for Sanctions would be addressed and, if the action were to proceed, that the parties should be prepared to address case management and scheduling. (*Id.* at 1–2). Plaintiff was expressly ordered to appear by video via Microsoft Teams and notified that failure to appear or otherwise comply with the Order could result in a recommendation to the presiding District Judge that the action be dismissed pursuant to Rule 41(b). (*Id.* at 2).

On September 8, 2026, chambers sent the parties a Microsoft Teams invitation. The invitation was sent to counsels' email addresses of record and the email address that Plaintiff provided to the Court. All participants were expressly instructed to accept the invitation to confirm receipt. Counsel accepted the invitation, but Plaintiff did not. Thus, on September 18, 2026, chambers again asked Plaintiff to accept the invitation and advised him to contact chambers if he experienced any difficulty accessing the Teams meeting. On September 22, 2026, after the invitation still had not been accepted, chambers emailed Plaintiff again and specifically requested that he confirm his attendance at the conference scheduled for the following morning. Chambers received no response to any of the efforts. On the morning of September 23, 2026, chambers also attempted to reach Plaintiff by telephone at the number he had provided to the Court. Plaintiff did not answer, and his voicemail box was full and not accepting messages.

At 11:30 a.m. on September 23, 2026, the Court convened the show cause/status conference as scheduled. (ECF No. 35). Defendant appeared through counsel. (*Id.*). Plaintiff did not appear. (*Id.*). Defense counsel addressed the Court, and the matters were taken under advisement. (*Id.*).

In sum, Plaintiff has never filed the written response required by the Court's August 12 and August 27 Orders, has never responded to Defendant's Motion for Sanctions, and failed to appear at the September 23 show cause/status conference despite being expressly ordered to do so.

## II. <u>Applicable Law</u>

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although dismissal is a sanction that should not be invoked lightly, courts must retain the authority to control litigation and enforce their orders. *Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

In determining whether dismissal is appropriate under Rule 41(b), the Fourth Circuit has identified four considerations: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a "drawn out history of deliberately proceeding in a dilatory fashion;" and (4) the effectiveness of sanctions less drastic than dismissal. *Davis*, 588 F.2d at 70 (quoting *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). These considerations do not constitute a rigid four-part test; rather, the propriety of dismissal depends upon the particular circumstances presented. *Ballard*, 882 F.2d at 95. An explicit warning that noncompliance may result in dismissal is particularly significant. *Id.* at 95–96. Although *pro se* litigants are entitled to some deference, they remain obligated to comply with court-imposed deadlines and orders. *Id.* at 96.

Rule 37 also authorizes sanctions for certain discovery-related failures. Rule 37(b)(2) permits a court to impose further just orders, including dismissal, when a party

fails to obey an order to provide or permit discovery, including an order under Rule 26(f). Fed. R. Civ. P. 37(b)(2)(A). Rule 37(f) separately permits an award of reasonable expenses, including attorney's fees, when a party fails to participate in good faith in developing and submitting a proposed discovery plan. Fed. R. Civ. P. 37(f). As explained below, dismissal is warranted under Rule 41(b), making it unnecessary to impose additional sanctions.

## III. **Discussion**

Unlike the record before the District Judge in November 2025, the present record reflects sustained noncompliance and delay despite repeated warnings and increasingly direct efforts by the Court to secure Plaintiff's participation. Against that materially changed record, the Court considers each of the four Rule 41(b) factors in turn.

### *A. Personal Responsibility for Non-Compliance*

The first consideration weighs strongly in favor of dismissal. Plaintiff is proceeding *pro se* and therefore bears personal responsibility for prosecuting his action and complying with the Court's Orders. No attorney or other representative is responsible for the failures at issue.

The record further demonstrates that Plaintiff was capable of communicating with the Court. Following the August 12 Show Cause Order, Plaintiff communicated with the Court and supplied his mailing address and email address. (ECF No. 33 at 1). After the August 27 Second Show Cause Order, Plaintiff supplied his telephone number. (ECF No. 34 at 1). Those communications demonstrate that Plaintiff received and responded, at least partially, to the Court's directives. Yet, Plaintiff never supplied the written show cause response that the Court twice ordered him to file, did not respond to repeated

communications regarding the September 23 conference, and ultimately failed to appear at a conference at which the Court expressly ordered his attendance.

The undersigned therefore **FINDS** that Plaintiff bears personal responsibility for the noncompliance and resulting delay.

***B. Prejudice to Defendant***

The second consideration also favors dismissal. Defendant has attempted for months to move this case beyond the pleading stage and into ordinary pretrial management. Defense counsel initially sought Plaintiff's cooperation without Court intervention, made repeated documented efforts to conduct the Rule 26(f) process, sought a status conference when those efforts did not result in the required conference, and finally filed the pending sanctions motion.

Plaintiff's failure to participate in the Rule 26(f) process prevented the parties from timely completing that process and required Defendant to expend additional time and resources seeking Plaintiff's cooperation and Court intervention. Defendant further represents that the continuing pendency of this action has required Defendant to report the litigation while seeking credentialing at additional medical facilities. (ECF No. 29 at 5).

The undersigned accordingly **FINDS** that Plaintiff's continued failure to participate has prejudiced Defendant and impeded the orderly progression of this case.

***C. History of Dilatory Conduct***

The third consideration is significantly different from the record that existed when the District Judge previously declined to dismiss this action under Rule 41(b). In November 2025, the District Judge acknowledged that Plaintiff had failed to respond to Defendant's motion to dismiss, but found no indication that the failure had prejudiced

Defendant or that the record then reflected a drawn-out history of dilatory conduct. (ECF No. 21 at 5). The Court particularly relied on Plaintiff's Motion for Admissions as evidence that Plaintiff was "still actively participating in the lawsuit." (*Id.*).

The subsequent record demonstrates the inverse. Plaintiff failed to participate in the Rule 26(f) process despite defense counsel's repeated documented efforts to secure his participation; failed to comply with the June 1 Order and Notice; failed to comply timely with the August 5 Order; only partially complied with the August 12 Show Cause Order; only partially complied with the August 27 Second Show Cause Order; never filed the written show cause response twice required by the Court; failed to respond to Defendant's Motion for Sanctions; failed to respond to chambers' repeated efforts to confirm his attendance at the September 23 conference; and failed to appear at the conference despite a written Order expressly requiring him to do so.

These failures occurred over a period of months and are not attributable to a single missed deadline or isolated procedural mistake. The undersigned therefore **FINDS** that the record now demonstrates a drawn-out history of dilatory conduct and failure to prosecute this action.

***D. Effectiveness of Lesser Sanctions***

The fourth consideration weighs particularly strongly in favor of dismissal. The Court has repeatedly employed measures less drastic than dismissal. It first entered an Order and Notice establishing ordinary case-management deadlines and expressly reminding Plaintiff of his responsibilities as an unrepresented litigant. (ECF No. 27). After Plaintiff failed to participate, the Court ordered him to provide contact information so that the scheduled conference could proceed remotely. (ECF No. 31). When Plaintiff failed to comply with that Order, the Court entered a Show Cause Order and continued the

conference rather than recommending dismissal. (ECF No. 32). When Plaintiff only partially complied with the Show Cause Order, the Court entered a Second Show Cause Order expressly affording him "one final opportunity" to comply. (ECF No. 33 at 2). When Plaintiff again partially complied, the Court nevertheless scheduled a show cause/status conference to afford him an opportunity to explain his conduct directly to the Court. (ECF No. 34).

Throughout this process, Plaintiff received repeated and express warnings that his continued noncompliance could result in dismissal pursuant to Rule 41(b). (ECF Nos. 27 at 2, 32 at 2, 33 at 2, 34 at 2). The September 4 Order specifically warned Plaintiff that his failure to appear at the September 23 conference could result in a recommendation of dismissal. (ECF No. 34 at 2). Plaintiff nevertheless failed to appear.

The Fourth Circuit has emphasized that an explicit warning of dismissal is a critical consideration when a litigant thereafter disregards a court order. *Ballard*, 882 F.2d at 95–96. Here, Plaintiff received not one warning, but several, including a warning accompanying what the Court expressly characterized as his "final opportunity" to comply. Further warnings or additional extensions would merely repeat measures that have already failed to secure Plaintiff's participation. The undersigned therefore **FINDS** that sanctions less drastic than dismissal are unlikely to be effective.

In summation, Plaintiff has been afforded repeated opportunities to participate in this case, comply with the Court's Orders, cooperate in the Rule 26(f) process, explain his prior noncompliance, and appear before the Court. Plaintiff engaged in a sustained pattern of noncompliance culminating in his failure to appear at the September 23, 2026 show cause/status conference despite an express Order requiring his attendance and warning him that failure to appear could result in dismissal.

Rule 41(b) provides that an involuntary dismissal ordinarily operates as an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). Given Plaintiff's *pro se* status, the preference for resolving claims on their merits, and the fact that dismissal without prejudice is sufficient to address the present failure to prosecute and comply with the Court's Orders, the undersigned concludes that dismissal **without prejudice** is the appropriate sanction. Having concluded that dismissal without prejudice is the appropriate sanction, the undersigned does not recommend the imposition of any additional sanction under Rule 37.

## IV. Proposal and Recommendations

For the foregoing reasons, the undersigned **FINDS** that dismissal is warranted pursuant to Federal Rule of Civil Procedure 41(b) and respectfully **RECOMMENDS** that Defendant's Motion for Sanctions, (ECF No. 28), be **GRANTED IN PART** to the extent that Defendant seeks dismissal and **DENIED** to the extent that Defendant seeks any additional sanctions; that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b); and that this action be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court specific written objections identifying the portions of the "Proposed Findings and Recommendations" to which objection is made

and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the United States Court of Appeals for the Fourth Circuit. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Mazzone.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to counsel of record and any unrepresented party.

**ENTERED:** September 25, 2026

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE